IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RAYFORD PRYOR**     PETITIONER
ADC #108089

VS.     NO. 4:21-cv-00881-BRW-ERE

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**[1]     RESPONDENT

## ORDER

Pending is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Rayford Pryor, who is detained and awaiting placement at an Arkansas Division of Correction prison unit.[2] *Doc. 1*.

For the reasons explained below, Mr. Pryor's Petition is dismissed without prejudice because, as Mr. Pryor acknowledges, he has not yet exhausted his available state court remedies.

**I.     Background**

On September 2, 2021, the Circuit Court of Cross County, Arkansas revoked Mr. Pryor's probation and imposed a six-year sentence.

---

[1] Mr. Pryor names the State of Arkansas as Respondent, but the correct Respondent is Dexter Payne, the Director of the Arkansas Division of Correction, who is the state officer having custody of Fletcher. *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority"); Rule 2(a), Rules Governing § 2254 Cases in United States District Courts.

[2] Mr. Pryor submitted payment for the filing fee with his petition.

On October 4, 2021, Mr. Pryor filed the pending § 2254 Petition seeking relief on the following grounds: (1) the State presented insufficient evidence to support revocation of probation; (2) he received ineffective assistance of counsel because his attorney failed to prepare for the revocation hearing; and (3) he was denied the right to call witnesses or testify on his own behalf at the revocation hearing. *Doc. 1 at 5*.

In a separate letter, filed as a notice to the Court, Mr. Pryor recognizes that he must first exhaust his available remedies in state court before seeking federal habeas relief. *Doc. 3*. However, Mr. Pryor asks the Court to send his Petition to the Cross County Circuit Clerk. This is not appropriate relief. However, I will return a copy of Mr. Pryor's habeas Petition filed in this case, but I will not be involved in filing the document in another court on Mr. Pryor's behalf.

**II.   Discussion**

In reviewing a federal habeas petition, a court must summarily deny relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Here, it is clear from the face of the Petition and a review of the publicly available state court docket that Mr. Pryor has not exhausted his state remedies. Further, a stay is not appropriate in this case.

### A. Exhaustion of State Court Remedies

The exhaustion requirement mandates that before a federal court may grant habeas relief to a state prisoner, the petitioner must have exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion affords those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, before seeking federal habeas relief for any alleged violations of his federal constitutional rights, Mr. Pryor must raise those claims in the state courts and give them an opportunity to resolve the claims.

### B. Mr. Pryor Has Not Exhausted His State Court Remedies

In his Petition, Mr. Pryor reports that he has not previously filed any other petitions, applications, or motions concerning the revocation of his probation. *Doc. 1 at 4*. However, the docket in Mr. Pryor's state criminal case, available online at https://caseinfo.arcourts.gov., indicates that on September 30, 2021, a public

defender filed a notice of appeal on his behalf. See Notice of Appeal, *State v. Pryor,* No. 19CR-19-169 (Cir. Ct. Cross Cnty., Ark., Sept. 30, 2021). Although the content of the notice is not available online, Mr. Pryor's direct appeal, which has been pending less than two weeks, cannot possibly have been resolved.

Until his direct appeal is complete, Mr. Pryor cannot pursue a federal habeas claim challenging the constitutionality of his revocation hearing or the sufficiency of the evidence.

It is also premature for Mr. Pryor to bring a federal habeas claim contending that his attorney provided constitutionally inadequate assistance in the probation revocation hearing. Mr. Pryor still has post-conviction remedies available in state court to challenge his attorney's performance. For example, Mr. Pryor may raise an ineffective assistance of counsel claim in a timely and properly filed petition in Cross County Circuit Court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.[3] *VanOven v. State*, 2011 Ark. App. 46, 9 n.8 (2011). To be timely filed, a Rule 37 petition must be filed in the state circuit court within: (1) sixty days from the date the appellate court issues its mandate, Ark. R. Crim. P. 37.2(c)(ii); or (2) if

---

[3] It is premature to pursue Rule 37 relief while his direct appeal is pending. See Ark. R. Crim. P. 37.2(a) ("If the conviction in the original case was appealed to the Supreme Court or Court of Appeals, then no proceedings under this rule shall be entertained by the circuit court while the appeal is pending."); *Haynes v. State*, 311 Ark. 651, 655 (1993) (noting that an appellant "cannot simultaneously pursue a direct appeal and Rule 37 relief").

the appeal is dismissed, within sixty days from the date the appeal is dismissed. Ark. R. Crim. P. 37.2(c)(iii).

Finally, because each claim presented in Mr. Pryor's Petition is unexhausted, a stay pending exhaustion is not possible,[4] and the Petition must be dismissed without prejudice. Dismissal of Mr. Pryor's Petition effectively means that it no longer exists and cannot be used as a "placeholder" that would toll the one-year statute of limitations for § 2254 petitions. *White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010). Once Mr. Pryor has fully exhausted his available state remedies with respect to each of his asserted claims for habeas relief, he may file a § 2254 petition in federal court. Mr. Pryor must be aware of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act for him to file a federal habeas petition challenging his state conviction. 28 U.S.C. § 2244(d)(1).

### III.   Conclusion

Accordingly, Petitioner Rayford Pryor's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (*Doc. 1*) is DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court is directed to change the Respondent to Dexter Payne, Director, Arkansas Division of Correction.

---

[4] In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that when a federal habeas petition is "mixed" because it contains both exhausted and unexhausted claims, a district court has discretion to hold the exhausted claims in abeyance while the petitioner presents the unexhausted claims in state court. Mr. Pryor's Petition is not "mixed," as all of his habeas claims are unexhausted.

The Clerk of the Court is also directed to send Mr. Pryor a copy of his original petition. *Doc. 1*.

A Certificate of Appealability is DENIED.[5]

IT IS SO ORDERED this 13th day of October, 2021.

Billy Roy Wilson_____<br>
UNITED STATES DISTRICT JUDGE

---

[5] A certificate of appealability must be denied because reasonable jurists could not debate whether the petition should be resolved in a different manner. See *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).